IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CORNELIUS G. CANNADY, SR.                                                              PLAINTIFF

VS.                                                             CIVIL ACTION NO. 3:04cv107-HTW-JCS

CHRISTOPHER EPPS, et al.                                                              DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the custody of the Mississippi Department of Corrections (MDOC), brought this action pursuant to 28 U.S.C. § 1983 alleging that Defendants violated his rights by confiscating certain personal property from him. Presently before the court is Defendants' motion to dismiss, in which they argue that Plaintiff failed to exhaust, prior to the filing of the instant lawsuit, the remedies available to him through the MDOC Administrative Remedy Program (ARP). Having considered the motion and Plaintiff's response, the court concludes that the motion should be granted.

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a federal court action concerning prison conditions until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e. The exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general prison conditions or particular episodes, excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Administrative Remedies Program (ARP) of the MDOC is described in the MDOC Inmate Handbook. The ARP involves a three-step process. An inmate initially submits a written grievance to a Division Head or Legal Claims Adjudicator. The Legal

Claims Adjudicator screens the request and makes a decision as to whether to accept the request into the ARP procedure.[1]  If accepted, the request, known as a Step One Request,  is forwarded to the appropriate official, who issues a Step One Response.  If the inmate is unsatisfied with the Step One Response, he may appeal by submitting a Step Two Request to the Superintendent or Warden of the institution, who then issues a Step Two Response.  If still aggrieved, the inmate may submit a Step Three Request to the Commissioner of the MDOC, who issues a Step Three Response.

The attachments to Defendants' motion indicate that on November 10, 2004, Plaintiff filed a request for administrative relief, request no. 04-159, concerning the subject property, but that on November 16, 2004, prior to completion of the First Step, the matter was closed at Plaintiff's request.  However, Plaintiff has responded by explaining that on November 11, 2004, he filed a second request, no. 03-1608, which incorporated the grievances set forth in the earlier one.  At the suggestion of a prison official, he then asked that the earlier request be closed.  He further alleges, and the documents submitted by him indicate, that the remaining request for relief then went through the following sequence: On November 17, the Legal Claims Adjudicator signed the Step One Request  form, indicating that the request was accepted into the ARP, and forwarded the Step One Request to the First Step Respondent.  On December 16, the First Step Respondent signed the First Step Response form, in which she denied relief, and

---

[1]The request may be rejected only for one of the five reasons set forth in the handbook: (1) That the relief sought is beyond the power of the MDOC to grant; (2) that the complaint concerns an action not yet taken or a decision not yet made; (3) that there has been a time lapse of more than thirty days between the event and the initial request; (4) that the request seeks relief for more than one incident; (5) that the request, if not on the furnished form, does not contain the phrase "this is a request for administrative remedy."

forwarded the form to Cannady.  On January 6, 2005, Cannady appealed the denial by submitting his Second Step Request to the Superintendent.   On February 16, 2005, while awaiting his Second Step Response, Cannady filed the instant lawsuit.  On March 7, 2005, the Superintendent denied relief and  forwarded the Second Step Response form to Cannady.  Cannady filed his Third Step Request, his appeal to the Commissioner, on April 5, 2005.  There is no indication as to when, if ever, Cannady received a Third Step Response.

Plaintiff contends that he was entitled to file suit prior to the completion of the ARP process because as of February 16, 2005, the date he filed the instant lawsuit, more than ninety days had elapsed since the date he initiated the process for grievance 04-1608.  In support of his position, he relies upon paragraph A of section IX of the MDOC Inmate Handbook.  The entire section IX is quoted below:

IX. Deadline and Time Limits:

- A. Unless an extension has been granted, no more than ninety (90) days shall elapse from beginning the process to ending the process.  Absent such an extension, expiration of the response time limits without receipt of a written response shall entitle the offender to move on to the next step in the process.

- B. An offender may request an extension in writing of up to five (5) days in which to file at any stage of the process.  This request shall be up to the Legal Claims Adjudicator for Steps One and Two, and the Administrator for Step Three.  The offender must have valid reasons for the delay and must accompany their request for an extension *[sic]*.

- C. Valid reasons for delay shall be addressed at each step, and the Administrator may grant a response time extension of five (5) days for a Third Step Response.  The offender must be notified of such an extension.  In no case may cumulative extensions exceed twenty-five (25) days.

Plaintiff's position, based upon his reading of section A *supra*,  is that once the ninety days had expired, he was entitled to file suit.

A more logical reading, however, is that once the time limit for a particular response has run, the inmate is not required to continue waiting for a response but may instead proceed to filing his next step request.  For example, if the superintendent or warden fails to submit his or her Second Step Response form  within the time limit for doing so, an inmate may file his or her Third Step Request.  The difficulty with this reading, however, is that nowhere in the handbook are any "response time limits" set forth.  Thus, although the entire process is supposed to be completed within ninety days, there are no time limits for any of the responses nor for the inmate's filing of a next step request.  Furthermore, Defendants have failed to submit any response whatsoever to Cannady's argument and thus have left the court without the benefit of MDOC's explanation as to how this section is to be interpreted.  Nevertheless, the court concludes that the only meaningful way to read this section is to assume that the "response time periods" are those set forth in the actual printed ARP forms provided by MDOC, copies of which are included with Plaintiff's response to the motion.  The handbook contains no reference to these time periods.  However, they do add up to eighty-five days, which, assuming an allowance of a day or so for each document to travel through the internal mail system,  would seem to be consistent with an overall period of ninety days.

The response time set forth in the Second Step Response form is 25 days.  Thus, as of February 22, assuming a receipt date by the Superintendent shortly after its signing by Cannady on January 6, the twenty-five days had run, and Plaintiff was entitled to proceed to the next step.  The next step, however, was not the filing of a lawsuit, but the filing of a Step Three Request.  Cannady's argument that he was entitled to file suit at this point is without merit.  Rather, he was required to complete as much as possible of the

ARP process, which he failed to do, prior to filing suit.

For these reasons, Defendants' motion is hereby granted.  A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 15th day of June, 2006.

/s/ James C. Sumner
_____
UNITED STATES MAGISTRATE JUDGE